**UNITED STATES of America,**
**Appellee,**

v.

**Edwin FERNANDEZ, Defendant–**
**Appellant.**

No. 05–3306–cr.

United States Court of Appeals,
Second Circuit.

June 5, 2006.

Barry F. Schulman, Brooklyn, NY, for Defendant–Appellant.

Jonathan R. Streeter, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, of counsel, Kevin R. Puvalowski, on the brief), for Appellee.

PRESENT: JOSEPH M. MCLAUGHLIN, DENNIS JACOBS, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

■ Edwin Fernandez appeals his conviction on five counts of money laundering in violation of 18 U.S.C. § 1956(a)(3). We assume familiarity with the facts, the procedural history, and the issues on appeal.

1. Fernandez argues that the district court erred by charging the jury on "conscious avoidance". "We review a claim of error in the jury instructions de novo, reversing only where, viewing the charge as a whole, there was a prejudicial error." United States v. Aina–Marshall, 336 F.3d 167, 170 (2d Cir.2003). The district court did not err if "the evidence presented permitted a rational juror to conclude beyond a reasonable doubt that [Fernandez] was aware of a high probability" that the money used to buy gold from him was derived from proceeds of illegal narcotics trafficking, and that Fernandez "consciously avoided confirming that fact." See United States v. Jacobs, 117 F.3d 82, 98 (2d Cir. 1997) (internal quotation marks omitted). In this regard, "[Fernandez's] claim is little more than a challenge to the sufficiency of the evidence to support a conscious avoidance conviction." Aina–Marshall, 336 F.3d at 171.

There was sufficient evidence to support a conscious avoidance charge. Based on the following evidence, a rational juror could conclude that Fernandez was aware of a high probability that the purchase money flowed from narcotics trafficking: (1) Fernandez's insistence on using code words; (2) Fernandez's demand that all conversations be conducted in private; (3) Fernandez's ready appreciation of his customer's desire to have gold "painted" even though there is no reason to paint gold in legitimate transactions; and (4) the above-

market premiums extracted by Fernandez in his sales to the government informant. Likewise, sufficient evidence—such as Fernandez's insistence on using code and his affirmative rejection of information about the source of the funds—supports an inference that Fernandez deliberately avoided confirming the source of the funds. The factual predicates for use of the conscious avoidance charge were therefore satisfied, and the district court did not err in imposing the charge.

2. "We review the district court's decision to admit or exclude expert testimony for an abuse of discretion." *United States v. Cruz,* 363 F.3d 187, 192 (2d Cir.2004) (internal quotation marks omitted). Expert testimony is admissible if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. Fernandez challenges some expert evidence as overly prejudicial; the district court should only exclude such evidence "if its probative value is substantially outweighed by the danger of unfair prejudice...." Fed.R.Evid. 403.

■ The district court acted within the scope of its discretion. Agent Clarke's testimony provided background information on money laundering and thereby helped the jury understand why gold is useful to money laundering; Fernandez has identified no serious countervailing prejudice. Cecilia Gardner's testimony assisted the jury's determination of whether gold sold by Fernandez had traveled in interstate commerce, and helped the jury understand the significance of the request to "paint" gold. Fernandez has identified no serious countervailing prejudice to Gardner's testimony: Gardner gave minimal treatment to her history as a prosecutor. Likewise, Agent Rivera, Agent Krayewski, and Alexandra Calderon all provided useful background information that was not overly prejudicial.

Accordingly, the district court did not abuse its discretion in admitting the challenged testimony.

3. Fernandez challenges the sufficiency of the evidence showing a nexus with interstate commerce. Where an appellant challenges sufficiency of the evidence, we affirm so long as "*any* rational trier of fact could have found the essential element[ ] of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Here, the uncontroverted testimony of Cecilia Gardner—explaining that all gold sold in New York State is produced out of state—sufficiently demonstrated a nexus with interstate commerce.

For the foregoing reasons, the judgment of the district court is affirmed.